Citation Nr: 1533647 
Decision Date: 08/06/15 Archive Date: 08/20/15

DOCKET NO. 12-27 290 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUE

Entitlement to service connection for a left knee disability.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

J. Hager, Counsel


INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Veteran served on active duty from July 1955 to June 1957.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a January 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan. In that decision, the RO denied entitlement to service connection for a left knee disability.

In July 2014, the Veteran testified during a videoconference before the undersigned; a transcript of that hearing is of record.

In October 2014, the Board remanded the claim for additional development. For the reasons indicated below, the agency of original jurisdiction (AOJ) complied with the Board's remand instructions. Stegall v. West, 11 Vet. App. 268, 271 (1998).


FINDING OF FACT

A left knee disability did not manifest in service, arthritis did not manifest within the one year presumptive period, and a current left knee disability is unrelated to service.


CONCLUSION OF LAW

A left knee disability was not incurred in or aggravated by service and arthritis may not be presumed to have been incurred therein. 38 U.S.C.A. §§ 1101, 1112, 1113, 1131, 1137, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2014).
REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

The Veterans Clams Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159. The requirements of the statutes and regulation have been met in this case. In April 2010, VA provided pre-adjudication notice to the Veteran of the information and evidence needed to substantiate and complete the claim for service connection for a left knee disability, to include notice of what part of that evidence was to be provided by the Veteran, what part VA would attempt to obtain, and how disability ratings and effective dates are determined.

VA fulfilled its duty to assist the Veteran in obtaining identified and available evidence needed to substantiate the claim. In its October 2014 remand, the Board instructed that the AOJ contact the Veteran to have him identify any health care providers who had treated him for his left knee disability. The AOJ sent such a letter in January 2015 and thus complied with the Board's remand instructions in this regard. The Board also noted that the Veteran had indicated he was continuing to receive VA treatment and instructed that any outstanding VA treatment records be associated with the claims file. The AOJ obtained these records and thus complied with the Board's remand instructions in this regard as well. In addition, the Board instructed that the Veteran be afforded a VA examination as to the nature and etiology of his left knee disability. Such examination took place in May 2015. For the reasons indicated below, the examination and opinion of the examiner as to the etiology of the left knee disability are adequate to decide the claim because the examiner supported his conclusion with an analysis that is adequate for the Board to consider and weigh. Stefl v. Nicholson, 21 Vet. App. 120, 124-25 (2007). The AOJ therefore complied with the Board's remand instructions in this respect. There is thus no evidence that additional records have yet to be requested, or that additional examinations are in order.

Moreover, during the July 2014 Board hearing, the undersigned explained the issue on appeal and asked questions to suggest the submission of evidence that may have been overlooked. These actions provided an opportunity for the Veteran and his representative to introduce material evidence and pertinent arguments, in compliance with 38 C.F.R. § 3.103(c)(2) and consistent with the duty to assist. See Bryant v. Shinseki, 23 Vet. App. 488, 492 (2010).

The Board will therefore proceed to the merits of the appeal.

Analysis

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the current disability and an in-service precipitating disease, injury or event. Fagan v. Shinseki, 573 F.3d 1282, 1287 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a). Consistent with this framework, service connection is warranted for a disease first diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Pursuant to 38 C.F.R. § 3.303(b), where a chronic disease is shown as such in service, subsequent manifestations of the same chronic disease are generally service connected. If a chronic disease is noted in service but chronicity in service is not adequately supported, a showing of continuity of symptomatology after separation is required. Entitlement to service connection based on chronicity or continuity of symptomatology pursuant to 38 C.F.R. § 3.303(b) applies only when the disability for which the Veteran is claiming compensation is due to a disease enumerated on the list of chronic diseases in 38 U.S.C.A. § 1101(3) or 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). As discussed below, the Veteran has been diagnosed with left knee arthritis, which is listed as a chronic disease, and the Board will therefore consider the chronicity and continuity provisions of 38 C.F.R. § 3.303(b). In addition, chronic diseases are presumed to have been incurred in service if they manifested to a compensable degree within one year of separation from service. 38 U.S.C.A. §§ 1101(3), 1112(a)(1), 1113, 1137; 38 C.F.R. §§ 3.307(a), 3.309(a).

On the May 2015 VA examination, the diagnosis was left knee arthritis. The Veteran has thus met the current disability requirement. In addition, in his written statements and Board hearing testimony, the Veteran indicated that he injured the knee when he slipped on a rock and fell. Hearing transcript, at 3. The service treatment records contain October 1956 notations of a left knee contusion from a fall on a rock with point tenderness over the tibia. There is also a record that appears to refer erroneously to the right instead of left knee, which indicates that the Veteran twisted the knee and had symptoms of swelling and mild effusion. X-rays were negative and the diagnoses were left knee contusion and mild left knee strain. The Veteran's testimony regarding his in-service left knee injury is thus consistent with the evidence of record and the Veteran has therefore met the in-service injury requirement. The dispositive issue in this case is whether the current left knee disability is related to the in-service left knee injury.

The Veteran testified during the Board hearing that his left knee disability had its onset in service. He stated that subsequent to the injury his knee "felt decent," but he "had problems all along," including when he was discharged, but did not pay too much attention to it and was not treated at all for the left knee when he was separated from service. Hearing transcript, at 3. The May 1957 separation examination report indicated that the lower extremities were normal and the Veteran indicated in the separation report of medical history that he did not have and never had a trick or locked knee, arthritis or rheumatism, bone, joint, or other deformity, or lameness.

After examining the Veteran, the May 2015 VA examiner wrote that based on review of the service treatment records in the Veterans Benefits Management System (VBMS), the Computerized Patient Records System (CPRS) records, and the examination, the Veteran's left knee arthritis was less likely than not caused by or a result of service. The rationale was that the separation examination indicated a normal left knee and degenerative arthritis is a natural condition of a joint with progressive degeneration of cartilage.

The above evidence, in particular the normal left knee X-rays, lack of reference to or diagnosis of arthritis, and normal separation examination report, reflects that arthritis was not noted and did not manifest during service. The provisions of 38 C.F.R. § 3.303(b) are therefore not for application, as they require that there be manifestations sufficient to identify the disease entity or that the condition be noted but not be shown to be chronic. Moreover, the Veteran's statement that he had problems all along, suggesting continuity of symptomatology, is contradicted by his statements on the report of medical history indicating that he did not have and had not had a trick or locked knee, arthritis or rheumatism, bone, joint or other deformity, or lameness. The Board finds the Veteran's contemporaneous statements made to health care providers to be of greater probative weight than his statements made many years later during the course of an appeal from the denial of compensation benefits. Fed. R. Evid. 803(4) (recognizing that statements made for the purpose of medical treatment generally are reliable); see Pond v. West, 12 Vet. App. 341, 345 (1999) (interest may affect the credibility of testimony). The Board therefore finds the Veteran's testimony as to continuity of symptomatology not credible because it conflicts with other, more probative evidence of record. Thus, the evidence does not reflect manifestation of arthritis in service or during the one year presumptive period. 

As to whether the Veteran's current left knee disability is otherwise related to service, the May 2015 VA examiner explained the reasons for his conclusions and his opinion is therefore entitled to significant probative weight. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (most of the probative value of a medical opinion comes from its reasoning). Although the May 2015 VA examiner's rationale was not extensive, he indicated that he had considered the service treatment records which included the left knee injury, and based his conclusions on the normal separation examination report and the progressive nature of arthritis, implicitly finding that the arthritis more likely developed as a result of natural progression of arthritis than as a result of the in-service injury. See Monzingo v. Shinseki, 26 Vet. App. 97, 106 (2012) (the fact that the rationale provided by an examiner "did not explicitly lay out the examiner's journey from the facts to a conclusion," did not render the examination inadequate); Acevedo v. Shinseki, 25 Vet. App. 286, 294 (2012) (medical reports must be read as a whole and in the context of the evidence of record). There is no other medical opinion in the evidence of record.

The only other opinion as to the etiology of the left knee disability is that of the Veteran. Lay witnesses are competent to opine as to some matters of diagnosis and etiology, and the Board must determine on a case by case basis whether a veteran's particular disability is the type of disability for which lay evidence is competent. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). In this case, the Veteran's testimony as to whether his current left knee arthritis had its onset in service due to the left knee injury is testimony as to an internal medical process which extends beyond an immediately observable cause-and-effect relationship that is of the type that the courts have found to be beyond the competence of lay witnesses. See Jandreau v. Nicholson, 492 F.3d 1372, 1377, n.4 (Fed. Cir. 2007) ("sometimes the layperson will be competent to identify the condition where the condition is simple, for example a broken leg, and sometimes not, for example, a form of cancer"). To the extent that the Veteran's testimony on this question is competent, the Board finds the specific, reasoned opinion of the physician who conducted the May 2015 VA examination to be of greater probative weight than the more general assertions of the Veteran.

For the foregoing reasons, the preponderance of the evidence is against the claim for entitlement to service connection for left knee disability. The benefit of the doubt doctrine is therefore not for application and the claim must be denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

ORDER

Entitlement to service connection for a left knee disability is denied.




____________________________________________
B. OGILVIE
Acting Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs